## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

LISA RYAN MURPHY,                                                                                   PLAINTIFFS
ADC # 760343; *et al.*

v.                                                  1:15CV00033-JLH-JJV

BANKS, Warden,
Grimes Unit, ADC; *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Lisa Murphy and Jakita Murphy ("Plaintiffs"), both inmates of the Arkansas Department of Correction ("ADC"), jointly filed this 42 U.S.C. § 1983 action. They allege that the conditions of their confinement violated their constitutional rights. (Doc. No. 62 at 6.) Pending is Defendants' Motion for Summary Judgment ("Motion") wherein they argue that Plaintiffs failed to exhaust their administrative remedies prior to filing this suit. (Doc. No. 75.) Plaintiffs have not responded to the Motion and the time for doing so has passed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

Plaintiffs allege that (1) their cells in administrative segregation were, at varying times, either extremely cold or intensely warm; (2) Defendants Heier, West, and Ming took Plaintiff Lisa Murphy's clothes and gave her only a smock and suicide blanket, neither of which was adequate to protect her from the cold; (3) Defendants Heier, West, Case, and Ming failed to move Plaintiffs to heated cells when temperatures fell; and (4) Warden Faust, despite an alleged willingness to authorize additional blankets for other inmates, declined to do so for Plaintiffs. (Doc. No. 62 at 7-8.) Defendants contend that none of these claims were properly exhausted.

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S.

199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

Defendants assert that Plaintiffs' claims are governed by Administrative Directive 14-16. (Doc. No. 76 at 5.) The directive requires an inmate who believes she has been wronged to file an informal resolution. (Doc. No. 77-3 at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, she may proceed to the formal grievance procedure which entitles her to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-11.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5.) Defendants have provided the affidavit of ADC Grievance Coordinator Barbara Williams. (Doc. No. 77-4.) Ms. Williams, after reviewing the grievance files of both Plaintiffs, asserts that neither has exhausted any grievances relevant to the claims in this case. (*Id*. ¶¶ 5-6.) Plaintiffs have failed to offer any contradicting argument or evidence.[1]

Based on the foregoing, I conclude that Plaintiffs failed to exhaust their administrative

---

[1] If Plaintiffs have evidence indicating that either of them exhausted any of the pending claims prior to filing this action, they may include it in their objections to this recommendation.

remedies against Defendants before filing this suit. Accordingly, Defendants' Motion should be granted.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 75) be GRANTED.

2. Plaintiffs' claims against Defendants Faust, Joseph Heier, Ming, West, and Case be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 25th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE